IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDELL J. KARONKA, individually and on behalf of similarly situated individuals | § § § § | |
| **Plaintiff** | § § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-02891 |
| ASUKA BLUE INVESTMENT, LLC and YOSHITOMO, INC. d/b/a ATAMI STEAK AND SUSHI | § § § § § | |
| **Defendants** | § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION**
**COMPLAINT SUMMARY OF SUIT**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers...." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2. The FLSA allows employers to pay less than the minimum wage to employees who receive tips. 29 US.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of all tipped employees' wages the amount that an employee receives in tips. *Id* An employer must advise an employee *in advance of its use of the tip credit* pursuant to the provisions of section 3(m) of the FLSA. That is, the employer must inform the employee (1) the amount of the cash wage that is to be paid to the all tipped employees (2) the amount by which the wages of the all tipped employees are increased on account of the tip credit (3) that all tips received by the employee must be retained by the employee except for tips

1

contributed to a valid tip pool and (4) that the tip credit shall not apply to any employee who does not receive the notice.  Furthermore, it is illegal for employers to require waiters to share tips with ineligible employees such as kitchen staff, management, and the employer itself.  The Fifth Circuit Court of Appeals affirmed a jury verdict and judgment in favor of wait staff when Chili's Restaurant required the staff to share tips with ineligible employees. *See Roussell* v. *Brinker Inti. Inc.* 2011 WL 4067171 (5th Cir. Sept. 14, 2011).  The illegal tip-sharing, in this case, stems from illegal charges assessed to all tipped employees for committing various mistakes or having a cash drawer short on money.

3.     Defendants Asuka Blue Investment, LLC ("Asuka") and  Yoshitomo, Inc. d/b/a Atami Steak and Sushi ("Atami") (collectively referred to as "Defendants") violated the FLSA by and not correctly informing the all tipped employees of the tip credit it was using and requiring that all tipped employees to give the company their tips in order to repay the company for (a) food order mistakes, (b) shortages in their drawers, (c) credit card chargeback, (d) credit card dispute, and (e) when customers walked out on a tab.  As a result, Defendants lose their rights to rely on the tip credit and must compensate Plaintiff at the full minimum wage rate.

4.     All tipped employees were at all times non-exempt employees under the Fair Labor Standards Act.

5.     Defendants knew or showed reckless disregard for whether its payroll practices violated the minimum wage and overtime provisions of the Fair Labor Standards Act.

**SUBJECT MATTER JURISDICTION AND VENUE**

6.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.     Venue is proper in the Southern District of Texas because a substantial portion of

the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Kendell Karonka ("Karonka" or "Plaintiff") is an individual residing in Brazos County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit A."

9. Karonka brings this action on behalf of similarly situated individuals who were employed by Defendants as servers, and bartenders ("Tipped Employees") at all Atami locations at any time from the three-year period before this lawsuit until the present.

10. Defendant Atami Steak and Sushi is a business in the State of Texas and is doing so for the purpose of accumulating monetary profit. This Defendant may be served to Yu Chen, 549 S. Mason Rd Katy, TX 77450 or wherever else they may be found.

11. Defendant Asuka Blue Investment, LLC is a business in the State of Texas and is doing so for the purpose of accumulating monetary profit. This Defendant may be served to Yu Chen, 549 S. Mason Rd Katy, TX 77450 or wherever else they may be found.

## FLSA COVERAGE

12. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendants have had and continue to have, an annual gross business volume in excess of the statutory standard.

15. At all material times, Plaintiff was an individual employee who engaged in

commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

16. Defendants operate two Atami Steak and Sushi restaurants in Texas. Plaintiff worked at the Atami Steak and Sushi location at 800 University Dr E #200, College Station, TX 77840.

17. The other restaurant is located at 549 S. Mason Rd Katy, TX 77450.

18. Defendants employed servers, and bartenders (collectively "Tipped Employees"). The job duties for the servers, and bartenders included taking orders, serving drinks and meals to customers.

19. Plaintiff was formerly employed as a server at Defendants' restaurant from approximately 2018 until 2023.

20. Defendants pay their Tipped Employees at an hourly rate below minimum wage plus tips. By paying Plaintiff and Tipped Employees less than the minimum wage per hour, Defendants are taking advantage of a tip credit which allows Defendants to include in its calculation of wages a portion of the amounts that Plaintiff received as tips.

21. Defendants violated the FLSA when they failed to notify each all tipped employees about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants tipped employees were never made properly aware of how the tip credit allowance worked or what the amounts to be credited were.

22. Defendants would require the tipped employees to give use their tips to pay for uniform, for food order mistakes, pay for shortages in their drawers, and pay the check when customers walked out on a tab.

23. Defendants' employees routinely handle goods or materials – such as napkins,

straws, computer hardware that are part of the POS or cash register, cleaning sprays, chopsticks, to go boxes, soy sauce, pepper, sugar/sugar substitute packets, Sriracha sauce or other brands of hot sauce that have moved in, or were produced for, interstate commerce.

24. At all relevant times, Defendants have been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

25. Because Defendants violated the FLSA's tip credit notification and tip pool requirements, Defendants lose their rights to take a credit toward its minimum wage obligations.

26. As such, Plaintiff and all tipped employees were not compensated at the federally mandated minimum wage.

27. Plaintiff and Tipped Employees were required to tip out 8% of Total Sales. Plaintiff and Tipped Employees were required to tip out 5% of total sales while they worked in the dining area of the restaurant.

28. Plaintiff and Tipped Employees also had to put out 3% of total tips for credit card charges.

**Minimum Wage Violation**

29. Furthermore, Defendants' practice of failing to pay the Tipped Employees pursuant to 29 U.S.C. § 203(m) and requiring it's all tipped employees to give it their tips to repay for various mistakes and drawer shortages violate the FLSA's minimum wage provision. *See 29* U.S.C. §§ 203, 206.

30. Defendants paid the Tipped Employees two dollars and thirteen cents ($2.13) per hour.

31. Defendants paid this wage rate, based on the assumption that Defendants could take credit for the remaining minimum wage, for the tips received by the tipped employees.

32. However, Defendants did not inform the tipped employees of the legal requirements for a valid tip credit under 29 U.S.C. 203(m), and therefore is not entitled to claim a tip credit.

33. Plaintiff and all tipped employees were responsible for any shortages at the end of their shift.

34. Plaintiff and Tipped Employees had to pay for all walked tabs, which happened to no fault of their own.

35. Therefore, Defendants are not entitled to a credit against the minimum wage for tips received, because the tipped employees did not retain all of their tips.

36. Defendants' tip deduction policy deprives Plaintiff and all Tipped Employees of their right to retain all of the tips they earned.

37. During the time that Defendants employed Tipped Employees, the legal minimum wage was $7.25 per hour.

38. Defendants paid Tipped Employees less than $7.25 an hour and closer to $2.13 per hour and therefore failed to pay the minimum wage.

## FIRST CAUSE OF ACTION - FLSA MINIMUM WAGE VIOLATION

39. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

40. Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

41. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff has actual knowledge that Tipped Employees have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. Specifically, Plaintiff worked with other Tipped Employee at Defendants' restaurant.

43.     Other Tipped Employee similarly situated to the Plaintiff work or have worked for Defendants' restaurant but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.  Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

44.     Defendants took a tip credit against its minimum wage obligations for Plaintiff and Tipped Employees. Finally, Defendants failed to notify Plaintiff and Tipped Employees regarding the tip credit as required by the FLSA.

45.     Defendants deducted from Tipped Employees tips for various charges and infractions.

46.     Although Defendants permitted and/or required Tipped Employees to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

47.     Tipped Employees perform or have performed the same or similar work as the Plaintiff.

48.     Tipped Employees regularly work or have worked in excess of forty hours during a workweek.

49.     Tipped Employees are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

50. As such, Tipped Employees are similar to the Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

51. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Tipped Employees.

52. The experiences of Plaintiff, with respect to his pay, are typical of the experiences of Tipped Employees.

53. The specific job titles or precise job responsibilities of each Tipped Employee does not prevent collective treatment.

54. Tipped Employees, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

55. All Tipped Employees, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

56. Although the exact amount of damages may vary among Tipped Employee, the damages for the Tipped Employee can be easily calculated by a simple formula. The claims of all tipped employees arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Tipped Employees.

57. Due to the inherent nature of Defendants' tip credit and tip pool policies, all of Defendants' employees subject to a tip credit are similarly situated with respect to the violation.

58. As such, the Tipped Employee of similarly situated Plaintiff is properly defined as follows:

> "All current and former servers and bartenders employed by Atami Steak and Sushi at any time three years prior to the filing of this lawsuit to the present."

**DAMAGES SOUGHT**

59. Plaintiff and Tipped Employees are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

60. Additionally, Plaintiff and all Tipped Employees are entitled to recover their unpaid overtime compensation.

61. Plaintiff and all Tipped Employees are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

62. Plaintiff and all Tipped Employees are entitled to their misappropriated tips.

63. Plaintiff and all Tipped Employees are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## PRAYER

64. For these reasons, Plaintiff and all Tipped Employees respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. All unpaid wages at the FLSA mandated minimum wage rate;

   c. An equal amount as liquidated damages as allowed under the FLSA;

   d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

   e. All misappropriated tips; and

   f. Such other relief to which Plaintiff and all Tipped Employees may be entitled, at law or in equity.

Respectfully submitted,

**TRAN LAW FIRM**

  */s/ Trang Q. Tran*
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Suite 104
Houston, Texas 77063
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, Individually and On Behalf of All Others Similarly Situated**