IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDELL J. KARONKA, individually and on behalf of similarly situated individuals | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-02891 |
| ASUKA BLUE INVESTMENT, LLC and YOSHITOMO, INC. d/b/a ATAMI STEAK AND SUSHI | § § § § | |
| Defendant. | § § | |

**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant, Asuka Blue Investment, LLC ("Defendant" or "Asuka Blue"), files its Amended Answer to Plaintiff's Original Complaint ("Plaintiff's Complaint"), as follows:

**I.
FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the tip credit defense.

**II.
SECOND DEFENSE**

Plaintiff is not similarly situated to other individuals in the collective group or class he purports to represent.

**III.
THIRD DEFENSE**

Plaintiff's claims are not typical of the other individuals in the collective group or class he purports to represent.

## IV.
## FOURTH DEFENSE

This case is inappropriate for treatment as a collective action because Plaintiff cannot satisfy the requirements for collective action under Section 216 of the FLSA, or otherwise.

## V.
## FIFTH DEFENSE

The claims of the collective group or class Plaintiff purports to represent are barred, in whole or in part, by the affirmative defense of limitations. Pursuant to 29 U.S.C. § 255(a), any claims against Defendant are subject to the two-year statute of limitations.

## VI.
## SIXTH DEFENSE

Defendant's actions or omissions, if found to be in violation of the FLSA, were in good faith and based upon reasonable grounds for believing that its actions did not violate the FLSA.

## VII.
## SEVENTH DEFENSE

Some or all of the activities for which Plaintiff seeks compensation were not "work" under the meaning of the FLSA. The activities were not integral and indispensable to the principal activities of Plaintiff's employment and/or were for Plaintiff's convenience.

## VIII.
## EIGHTH DEFENSE

The Complaint should be dismissed to the extent that Plaintiff's claims are for non-compensable *de minimis* time and time that was not Plaintiff's "principal activity." All claims for non-compensable time are barred by 29 U.S.C. §254(a).

## IX.
## <u>ANSWERS TO ALLEGATIONS</u>

Pleading further, if necessary, and without waiving the foregoing defenses, Defendant answers the allegations of Plaintiff's Complaint on behalf of itself and not any other entity, as follows:

1. The allegations in Paragraph 1 of Plaintiff's Complaint contain legal assertions and conclusions to which no response is required. To the extent that Paragraph 1 contains any factual allegations, Defendant denies each and every such factual allegation.

2. The allegations in Paragraph 2 of Plaintiff's Complaint contain legal assertions and conclusions to which no response is required. To the extent that Paragraph 2 contains any factual allegations, Defendant denies each and every such factual allegation.

3. Defendant denies the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that this Court has jurisdiction.

7. Defendant admits the venue is proper.

8. Defendant admits the allegations of paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that Plaintiff is purporting to bring this lawsuit on behalf of others, but denies that this is proper as well as any other allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations in paragraph 11 of Plaintiff's Complaint, except denies that the address listed for service is proper.

12. Defendant admits the allegations in paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant admits that it owns the Atami Steak and Sushi restaurant located in College Station, Texas and that Plaintiff worked at its restaurant but denies the remaining allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendant admits the allegations in paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that it properly took a tip credit from Plaintiff's wages, but otherwise denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendant admits that Plaintiff performed side tasks but that it was de minimis in nature and complied with the FLSA but otherwise denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. Defendant admits the allegations in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendant admits that when Plaintiff worked the hibachi area of the restaurant that he was required to tip out 8% of sales and that when he worked in the dining area of the restaurant that he was required to tip out 5% of sales but denies the remaining allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendant admits that Plaintiff was required to reimburse the restaurant for credit card processing charges as permitted by the FLSA but denies the remaining allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant admits that in compliance with the FLSA's tip credit, that it paid Plaintiff $2.13/hour, but denies the remaining allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations in paragraph 36 of Plaintiff's Complaint.

37. Defendant admits the allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Regarding paragraph 39 of Plaintiff's Complaint, Defendant incorporates by reference its answers to the preceding paragraphs of Plaintiff's Complaint.

40. Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendant admits that it properly took a tip credit against Plaintiff's wages, but denies the remaining allegations in paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations in paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations in paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations in paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations in paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations in paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations in paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations in paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations in paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations in paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations in paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations in paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations in paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations in paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations in paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations in paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations in paragraph 63 of Plaintiff's Complaint.

64. Defendant denies that Plaintiff or anyone else is entitled to the relief sought in the Prayer, including subparagraphs a through f.  Defendant denies any remaining allegations set forth in the Prayer or otherwise, and further denies all allegations brought against any other entity other than itself, except as expressly admitted herein.

WHEREFORE, Defendant denies that Plaintiff is entitled to or should otherwise be accorded judgment and/or relief, of any kind or type, against it in this matter. Defendant requests that this Court find in its favor and award it any and all costs of defending itself in this action, including but not limited to, court costs, expenses and attorneys' fees.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

*/s/ James M. Cleary, Jr.*
James M. Cleary, Jr.
State Bar No. 00783838
Federal ID No. 15499
*cleary@mdjwlaw.com*
808 Travis, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
ATTORNEY IN CHARGE FOR ASUKA BLUE INVESTMENT, LLC,

OF COUNSEL:
MARTIN, DISIERE JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above pleading has been forwarded via e-filing pursuant to Fed. R. Civ. P. 5, on this the 20th day of September, 2023 to:

Trang Q. Tran
TRAN LAW FIRM
2537 S. Gessner, Suite 104
Houston, Texas 77063

*/s/ James M. Cleary, Jr.*
James M. Cleary, Jr.
