IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDELL J. KARONKA, individually and on behalf of similarly situated individuals | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-02891 |
| ASUKA BLUE INVESTMENT, LLC | § § § | |
| Defendant. | § | |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**1.    State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

The conference of the parties required by Rule 26(f) was held by telephone on January 16, 2023.  The following counsel represented the parties:

Parties:   Plaintiff Kendell J. Karonka, and opt-in Plaintiffs William B. Allen, II, Santiago De La Hoz, Javier Vargas, Joel Mutchler, Aubrie Cole, Benjamin Harrington, Desirea Johnson, Faith Vanlandingham, Kiley Weishaar.

Counsel:   Trang Q. Tran
State Bar No. 00795787
Federal ID No. 20361
Tran Law Firm
2101 City West Blvd., Suite 100
Houston, Texas 77042
(713) 223-8855 Telephone
Email: trang@tranlf.com

|  |  |
|---|---|
| Party: | Asuka Blue Investment, LLC |
| Counsel: | James M. Cleary, Jr.<br>State Bar No. 00783838<br>Federal ID No. 15499<br>MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.<br>808 Travis Street, Suite 1100 Suite 1100<br>Houston, Texas 77002<br>(713) 632-1700  Telephone<br>(713) 222-0101  Facsimile<br>Email: cleary@mdjwlaw.com |

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   None.

3. **Briefly describe what this case is about.**

   Plaintiff and opt-in Plaintiffs contend that Defendant did not comply with the Fair Labor Standards Act and did not pay them all wages to which they were entitled.

4. **Specify the allegation of federal jurisdiction.**

   28 U.S.C. § 1331.

5. **Name the parties who disagree with the jurisdictional allegations and the reasons.**

   No party denies jurisdiction.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   The parties do not anticipate the addition of any parties at this time, although additional parties may join if the case is certified as a collective action.

7. **List anticipated interventions.**

   The parties do not anticipate any interventions.

8. **Describe class-action issues.**

   Plaintiffs are seeking collective status in this matter.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1). If not, describe arrangements that have been made to complete the disclosures.**

   The parties have agreed to exchange Rule 26(a) disclosures by February 7, 2024.

10. **Describe the proposed agreed discovery plan, including:**

    a) **Responses to all matters raised in Rule 26(f):**

    The parties are in agreement regarding the matters raised by Rule 26(f), including a discovery plan for the case. Generally, the parties agree that discovery will be necessary to investigate Plaintiff's allegations and Defendants' defenses. There are no issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, at this time.

    The Parties ask that scheduling order deadlines, other than those set forth below, be established after it is known if the Court grants conditional certification of one or more collective action classes in this lawsuit.

    |  |  |
    |---|---|
    |  | Deadline to add parties other than opt-in plaintiffs pursuant to any order(s) granting FLSA conditional certification. The opt-in deadlines, if any, will be set forth in any such order(s). |
    | 90 days after the date of the Court's initial scheduling order. | Deadline for Plaintiff to file any motion(s) for conditional certification. |
    | 60 days after the date Plaintiff file a motion for conditional certification. | Deadline for Defendants to file their response to Plaintiff's motion(s) for conditional certification, if any. |
    | The deadline for the Parties to confer and submit a supplemental/amended proposed scheduling order for all remaining deadlines. | 1. 30 days after the close of the collective action opt-in notice period if the Court grants conditional certification. If the Order and/or Findings and Recommendations is made by a U.S. Magistrate Judge, this deadline is based on the District Judge's Order adopting same after consideration of any objections to any such Magistrate Judge's Order and/or Findings and Recommendations.<br><br>2. If the Court denies conditional certification, then 30 days after the Court's order on same. If the Order and/or Findings and Recommendations is made by a U.S. Magistrate Judge, this deadline is based on the District Judge's Order adopting same after consideration of any objections to any |

|  | such Magistrate Judge's Order and/or Findings and Recommendations.<br><br>3. If Plaintiffs do not file a motion for conditional certification, then 30 days after the deadline for such motion. |
|---|---|

**b)** **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff will propound interrogatories within the discovery period.

**c)** **When and to whom the defendant anticipates it may send interrogatories.**

Defendant will propound interrogatories within the discovery period.

**d)** **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the oral deposition of Defendant, through corporate representatives, and other persons with knowledge of relevant facts. Plaintiff anticipates taking this deposition(s) during the discovery period.

**e)** **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral deposition of Plaintiffs and perhaps other third party witnesses. Defendant anticipates taking these depositions during the discovery period.

**f)** **When the plaintiff (or the party with the burden on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Both parties expect to designate experts on attorneys' fees. Both parties agree to submit any attorney fee issues to the Court to decide after liability and damage are addressed. At this time, the Parties request that the deadlines for designating experts be established after it is known if the Court grants conditional certification of one or more collective action classes in this lawsuit.

**g)** **List expert depositions the plaintiff (other the party with the burden of proof on an issue)**

Plaintiff anticipates taking the depositions of Defendant's designated and/or rebuttal expert witnesses within the discovery period.

**h)** **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

> Defendant anticipates taking the depositions of Plaintiff's designated and/or rebuttal expert witnesses within the discovery period.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties agree on the discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    The Parties request that discovery be phased based on whether FLSA collective action conditional certification is ordered. Specifically, the Parties request that the Court enter a discovery deadline relative to the determination of conditional collective action certification, and that the Parties file a supplemental/amended proposed scheduling order at a time after that determination.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

    The parties have discussed the potential for resolution and that it is premature until Plaintiff's attorney is able to review Plaintiff's and the opt-in Plaintiffs' time and pay records.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have discussed the potential for resolution prior to a formal mediation. The parties are still in discussion regarding this topic.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

    The Parties believe this case is suitable for mediation after adequate discovery has been completed.

17. **Magistrate Judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

    The parties do not agree to trial before the magistrate.

18. **State whether a jury demand has been made and if it was made on time.**

      Yes.

19. **Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

    The Parties believe that the duration of the trial will significantly depend on the status of collective action certification, and the Parties therefore request that, as outlined above, the Court enter a scheduling order requiring the Parties to confer and submit a supplemental/amended proposed scheduling order for discovery and a trial date after the Court has ruled on any motion(s) for conditional certification.

20. **List pending motions that could be ruled on at the initial pretrial conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at conference.**

    As outlined above, the Parties request that the Court enter a scheduling order with respect to the filing of any motion(s) for conditional certification and that all other deadlines be established after it is known if the Court grants conditional certification of one or more collective action classes.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Plaintiff filed his Disclosure of Interested Parties on August 22, 2023 and Defendant filed its Disclosure on September 1, 2023.

24. **List the names, bar numbers, addresses and telephone numbers of counsel.**

    Counsel:    Trang Q. Tran
                      State Bar No. 00795787
                      Federal ID No. 20361
                      Tran Law Firm
                      2101 City West Blvd., Suite 100
                      Houston, Texas 77042
                      (713) 223-8855 Telephone
                      Email: trang@tranlf.com

Counsel:  James M. Cleary, Jr.
State Bar No. 00783838
Federal ID No. 15499
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1100 Suite 1100
Houston, Texas 77002
(713) 632-1700  Telephone
(713) 222-0101  Facsimile
Email: cleary@mdjwlaw.com

*/s/ Trang Q. Tran*  
Trang Q. Tran  
Counsel for Plaintiff

January 22, 2024  
Date

*/s/ James M. Cleary, Jr. **  
James M. Cleary, Jr.  
Counsel for Defendant

January 23, 2024  
Date

*\* signed by permission*