IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDELL J. KARONKA, individually and on behalf of similarly situated individuals | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-02891 |
| ASUKA BLUE INVESTMENT, LLC | § § § | |
| Defendant. | § | |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Asuka Blue Investment, LLC moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on all claims asserted against it by Plaintiff.

**I.
NATURE AND STAGE OF THE PROCEEDING**

This overtime case under the Fair Labor Standards Act ("FLSA") contends that Defendant did not comply with the FLSA's tip credit rule. Plaintiff filed suit on August 7, 2023. Some discovery has occurred. No trial date has been set.

**II.
STATEMENT OF ISSUES**

Whether Defendant is entitled to judgment on the pleadings. A district court's grant of judgment on the pleadings is reviewed *de novo*. *Rombough v. Bailey*, 733 Fed. App'x 160 (5th Cir. 2018).

**III.
SUMMARY OF THE ARGUMENT**

Plaintiff's Complaint must be dismissed because it relies on U.S. Department of Labor ("DOL") rulemaking that is not supported by the Fair Labor Standards Act ("FLSA"). On June 28,

2024, the Supreme Court of the United States issued its decision in *Loper Bright Enterprises v. Raimondo,* 603 U.S. ___, 144 S. Ct. 2244, 219 L. Ed. 2d 832, 2024 WL 3208360 (2024), which overruled *Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837 (1984). On August 23, 2024, the United States Court of Appeals for the Fifth Circuit issued its decision in *Restaurant Law Center v. U.S. Dep't of Labor,* ___ F.4th ___, 2024 U.S. App. LEXIS 21449 (5th Cir. 2024) ("*RLC*"). In that decision, and following *Loper Bright,* the Fifth Circuit invalidated a DOL rule on the tip credit.

In light of these two cases, Plaintiff's Complaint must be dismissed because it goes beyond the language of the FLSA. As the Fifth Circuit just noted: "[t]he FLSA is clear: an employer may claim the tip credit for any employee who, when 'engaged in' her given 'occupation . . . customarily and regularly receives *more than $30 a month in tips*.' *RLC*, 2024 U.S. App. LEXIS 21449, *19-20 (citing 29 U.S.C. § 203(t)).

## IV.
## FACTUAL BACKGROUND AS ALLEGED IN PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff makes the following allegations in his Complaint:

- Defendants[1] violated the FLSA when they failed to notify each all [sic] tipped employees about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants tipped employees were never made properly aware of how the tip credit allowance worked or what the amounts to be credited were. Plaintiff's Original Complaint at ¶ 21.

- Defendants would require the tipped employees to give use their tips to pay for uniform, for food order mistakes, pay for shortages in their drawers, and pay the check when customers walked out on a tab. *Id.* at ¶ 22.

- Because Defendants violated the FLSA's tip credit notification and tip pool requirements, Defendants lose their rights to take a credit toward its minimum wage obligations. *Id.* at ¶ 25.

---

[1] Plaintiff initially sued Defendant and another defendant, Yoshitomo, Inc. Plaintiff subsequently moved to dismiss Yoshitomo, Inc. without prejudice, which was granted on September 27, 2023. [Dkt. 21]

- However, Defendants did not inform the tipped employees of the legal requirements for a valid tip credit under 29 U.S.C. 203(m), and therefore is not entitled to claim a tip credit. *Id.* at ¶ 32.

- Plaintiff and all tipped employees were responsible for any shortages at the end of their shift. *Id.* at ¶ 33.

- Plaintiff and Tipped Employees had to pay for all walked tabs, which happened to no fault of their own. *Id.* at ¶ 34.

## V.
## ARGUMENT AND AUTHORITIES

A.  **Standard of Review**

Federal Rule of Civil Procedure 12 allows a court to dismiss claims that are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burdens of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). A court must dismiss a claim when it is clear the plaintiff can "prove no set of facts in support of plaintiff's claim that would entitle him to relief." *Jenkins v. McKeithen*, 395 U.S. 411, 423 (1969); *Search Int'l, Inc. v. Snelling & Snelling, Inc.*, 168 F. Supp. 2d 621, 624 (N.D. Tex. 2001).

To withstand a Rule 12(b)(6) motion,[2] a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Khalik v. United Airlines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2] When a party files a Rule 12(b)(6) motion to dismiss after filing an answer, the court is to treat it as a Rule 12(c) motion for judgment on the pleadings. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

misconduct alleged." *Id.; see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level'") (quoting *Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012); *accord Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (noting that courts are not required "to accept as true a legal conclusion couched as factual allegation").

B. **The Tip Credit Rule**

The FLSA deals with the tip credit rule in two instances. First, an employer can take the tip credit for any employee "engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t); *see also RLC*, 2024 U.S. App. LEXIS 21449, *19-20.

Second, certain conditions need to be met in order to claim the credit, as follows:

(A) In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—

(i) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and

(ii) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in clause (i) and the wage in effect under section 206(a)(1) of this title.

The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

(B) An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

29 U.S.C. § 203(m)(2).

### C. Recent Jurisprudence

On June 28, 2024, the Supreme Court of the United States issued its decision in *Loper Bright Enterprises v. Raimondo,* 603 U.S. ___, 144 S. Ct. 2244, 219 L. Ed. 2d 832, 2024 WL 3208360 (2024), which overruled *Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837 (1984), and held that "the Administrative Procedure Act (APA) requires courts to exercise their independent judgment in deciding whether an agency has acted within it statutory authority, and courts may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Loper Bright* makes clear the DOL's rulemaking is *not* entitled to special deference. Instead, it is the Court's paramount role to decide all relevant questions of law, interpret the statutory text, and determine whether a regulation meets any of the standards set forth by the APA for invalidating a regulation, including: (1) whether the regulation is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; or (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. *See* 5 U.S.C. § 706(2).

On August 23, 2024, the United States Court of Appeals for the Fifth Circuit issued its decision in *Restaurant Law Center v. U.S. Dep't of Labor,* ___ F.4th ___, 2024 U.S. App. LEXIS 21449 (5th Cir. 2024) ("*RLC*"). In that decision, and following *Loper Bright,* the Fifth Circuit invalidated a DOL rule on the tip credit, holding that a final rule issued by the DOL was invalid because it was contrary to the "FLSA's plain text." *Id.* at 2024 U.S. App. LEXIS 21449, *20.

### D. Plaintiff's Claims

Plaintiff's claims go beyond the statutory text of the FLSA. Importantly, he claims that Defendant "violated the FLSA when [it] failed to notify each all [sic] tipped employees about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, [its] tipped employees were never made properly aware of how the tip credit allowance worked or what the amounts to be credited were. Plaintiff's Original Complaint at ¶ 21. These allegations place duties on Defendant that go beyond the text of 29 U.S.C. § 203(m). Under that statute, an employer cannot take the tip credit "unless such employee has been informed by the employer of the provisions of this subsection."

There is no requirement in the statute that Defendant was obligated to inform Plaintiff in advance regarding the tip credit or the amount to be credited. Thus, the Complaint must be dismissed by the Court. Any DOL rule to the contrary cannot "defeat the FLSA's plain text." *RLC,* 2024 U.S. App. LEXIS 21449, *20.

## VI.
## CONCLUSION

WHEREFORE, Defendant, Asuka Blue Investment, LLC prays that this Court render judgment as a matter of law on Plaintiff's claims, dismiss his claims, and award Defendant any other relief to which it may be justly entitled.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

*/s/ James M. Cleary, Jr.*
James M. Cleary, Jr.
State Bar No. 00783838
Federal ID No. 15499
cleary@mdjwlaw.com
808 Travis, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700

Facsimile: (713) 222-0101

**ATTORNEY IN CHARGE FOR ASUKA BLUE INVESTMENT, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded via e-filing pursuant to Fed. R. Civ. P. 5, on this the 6th day of September 2024 to:

| | |
|---|---|
| Trang Q. Tran | *Via Email (trang@tranlf.com)* |
| TRAN LAW FIRM | *Via Email (service@tranlf.com)* |
| 800 Town & Country Blvd., Suite 500 | |
| Houston, Texas 77024 | |

*/s/ James M. Cleary, Jr.*
James M. Cleary, Jr.
