United States District Court
Southern District of Texas
**ENTERED**
November 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDELL J KARONKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-02891 |
| | § | |
| ASUKA BLUE INVESTMENT, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

Pending before the Court is the defendant's, Asuka Blue Investment, LLC, motion for judgment on the pleadings (Dkt. No. 28). The plaintiff, Kendell J. Karonka, has filed a response to the defendant's motion (Dkt. No. 29), and the defendant has filed a reply (Dkt. No. 30). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the defendant's motion should be **DENIED** .

### II.    FACTUAL BACKGROUND

The defendant employed the plaintiff as a food server from approximately 2018 to 2023. The plaintiff alleges that the defendant violated the Fair Labor Standards Act ("FLSA") during his employment by failing to pay him the federally required minimum wage because it did not notify employees of the tip credit allowance and retained the tips of employees to pay for uniforms, order mistakes, drawer shortages, and unlawfully pooled his tips. The plaintiff

further alleges that the defendant failed to pay overtime and has brought this suit on behalf of himself and similarly situated employees working at the defendant's restaurants over the past three years prior in violation of the Fair Labor Standards Act ("FLSA").

## III.    CONTENTIONS OF THE PARTIES

The defendant moves for judgment on the pleadings on the basis that the plaintiff cannot maintain a cause of action because his complaint ultimately relies on a Department of Labor rule that no longer carries the force of law after the United States' Supreme Court decision in *Loper Bright Enters. v. Raimondo,* 144 S.Ct. 2244 (2024). The defendant argues that it has satisfied its obligations to take the tip credit outlined in 29 U.S.C. § 203(m) because there is no requirement in the statute that it was required to notify the plaintiff in advance of the tip credit.

The plaintiff has responded by arguing that his complaint contains allegations of violations of the FLSA. The plaintiff further argues that the defendant's motion to dismiss rests on an affirmative defense that cannot be applied in a motion for judgment on the pleadings. The plaintiff moves for leave to amend in the alternative.

The defendant's reply clarifies and reiterates its argument that the plaintiff seeks relief beyond that provided by the FLSA.

## IV.    STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 n. 8 (5th Cir. 2002)).

Under Rule 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe*, 528 F.3d at 418 (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted)). To this end, the factual allegations contained in the plaintiff's complaint are to be taken as true. *Doe*, 528 F.3d at 418; *see also Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964. Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550

U.S. at 570, 127 S. Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail.  *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## V.   ANALYSIS & DISCUSSION

### a.  Affirmative defense pleaded

The Court first turns to the basis for the defendant's motion given that the plaintiff argues that it is an affirmative defense that cannot be determined on a motion for judgment on the pleadings.  "'Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint.'" *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017) (quoting *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006)). Thus, a defendant seeking dismissal based on an affirmative defense "bears the burden of establishing entitlement to the defense" based solely on the facts of the complaint. *Id.* at 375. If it is "possible [,] based on the allegations in the complaint[,]" that the defendant is not entitled to the affirmative defense then

the defendant will "fail to carry his heavy burden of establishing entitlement" to the affirmative defense. *Id.* at 376.

In this case, the face of the plaintiff's complaint alleges that the defendant engaged in conduct that violated the FLSA such that the defendant is "not entitled to claim a tip credit under 29 U.S.C. § 203(m).". An employer "carries the burden to prove its entitlement to the tip credit." *Steele v. Leasing Enters.*, 826 F.3d 237, 242 (5th Cir. 2016). By raising the defendant's inability to claim the tip credit and based on the arguments and allegations on the issue, the defendant's affirmative defense appears on the face of the plaintiff's complaint and is therefore properly before the Court.

### b. Fair Labor Standards Act Violation

The FLSA requires that employers pay employees a statutory minimum wage. 29 U.S.C. § 206(a). An employer may pay tipped employees a lower hourly wage so long as that wage, in addition to the amount in tips received, is equal to the statutory minimum wage. 29 U.S.C. §203(m)(2)(A); *Montano v. Montrose Rest. Assocs.,* 800 F.3d 186, 188 (5th Cir. 2015). This provision is referred to as the tip credit. *Montano,* 800 F.3d at 188. An employer may not pay the lower hourly wage to its tipped employees, however, unless (1)"the employee has been informed by the employer of the provisions of this this subsection" and (2) "all tips received by such employee have been retained by the employee[,]" except the tips that are pooled among employees who customarily and regularly receive tips. *Id.* at § 203(m); *see also Montano,* 800 F.3d at 189. Therefore, when an employer fails to comply with § 203(m), it "must be divested of its statutory tip credit for the relevant time period." *Steele v. Leasing Enters.*, 826 F.3d 237,

246 (5th Cir. 2016). The defendant "carries the burden to prove its entitlement to the tip credit." *Id.* at 242 (citing *Montano,* 800 F.3d at 189).

The defendant does not dispute that it did not pay the minimum wage set for in 29 U.S.C. § 206(a) based on the plaintiff's status as a tipped employee. The disputed issues are (1) whether the defendant informed the employee of the provisions of the tip credit and (2) whether the plaintiff retained his tips in a manner consistent with 29 U.S.C. 203(m).

### i. Informed of tip credit

The plaintiff's complaint argues that the defendant is not entitled to claim the tip credit under the FLSA because he, and other employees, were not informed of the tip credit "before the credit was utilized." The defendant argues that there is no statutory requirement that the employee be informed in advance of the tip credit provisions.

In order to prove that it is entitled to the tip credit, an employee must have "been informed" by the employer of the provisions of 29 U.S.C. § 203(m). The term "inform" is not defined by the statute, however. *Id.* Therefore, to determine the meaning of the term not defined by the statute the Court looks to the ordinary and plain meaning at the time of enactment. *See Rest. Law Center v. United States Dept. of Labor,* 115 F.4th 396, 404 (2024). Hence, the Court turns to the dictionary for a definition. Websters Third New International Dictionary defines "inform" to mean: "to make known: give instruction;" "to communicate knowledge;" or "to give information." *See* Webster's Third New International Dictionary 1160

(1965 ed.). However, the statute reads "been informed." 29 U.S.C. § 203(m). The phrase therefore takes the past participle form indicating a prior act.

This understanding is consistent with the Department of Labor's regulation stating that "an employer is not eligible to take the tip credit unless it has informed its tipped employees *in advance* of the employer's use of the tip credit of the provisions." 29 C.F.R. § 531.59(b) (emphasis added). In light of the Supreme Court decision in *Loper Bright*, this regulation is not dispositive of the issue. *See Loper Bright,* 144 S.Ct. at at 2273. However, in this case at bar, the Department of Labor's regulation comports with the plain text of the statute and aids the Court's interpretation. Hence, the plain text of the statute requires that an employee be informed of the provisions of Section 203(m) prior to the employer's appropriation of the tip credit. The plaintiff's complaint alleges facts that, if proved, would foreclose the defendant's affirmative defense.

## VI.    CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for judgment on the pleadings is hereby **DENIED**.

It is so **ORDERED**.

SIGNED on November 27, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge